

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50013 | **DATE** | 3/21/2003 |
| **CASE TITLE** | Cote vs. MTP, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | MAR 21 2003 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| X | Copy to judge/magistrate judge. | | 3-21-03 date mailed notice |
| /LC | courtroom deputy's initials | 03 MAR 21 PM 3:32  FILED-WD  Date/time received in central Clerk's Office | SW mailing deputy initials |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Joanne Cote, has filed a single-count amended complaint against defendant, MTP, Inc. d/b/a Papa John's Pizza ("MTP"), under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Jurisdiction and venue are proper based on 42 U.S.C. §§ 12117(a), 2000e-5(f)(3). Before the court is MTP's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

Cote worked for MTP at its Papa John's Pizza restaurant in Freeport, Illinois between January 1997 to July 1999. During her last eleven months there, Cote was the general manager of the Freeport location. Throughout most of her adult life, Cote has suffered from agoraphobia with panic attacks. As she testified in her deposition, this condition causes her to experience panic attacks when she travels outside of her "safety zone," which is made up of Freeport and the area within a roughly ten- to twelve-mile radius surrounding Freeport. In this suit, Cote essentially alleges MTP discriminated against her because of her agoraphobia when it promised, and then refused, to have someone come to Freeport to provide her with the training she needed for being a general manager.

Among other things, one of the issues MTP raises in its motion for summary judgment – and the only one the court finds necessary to discuss – is whether Cote's agoraphobia substantially limits her in the major life activity of working. See 42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(i). As such, Cote bears the burden of presenting sufficient evidence from which a reasonable jury could find she is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." EEOC v. Rockwell Int'l Corp., 243 F.3d 1012, 1017 (7th Cir. 2001) (quoting 29 C.F.R. § 1630.2(j)(3)(i)). This inquiry is an individualized one and requires the court to consider the number and type of jobs from which Cote is disqualified, the geographical area to which she has reasonable access, and her job expectations and training. See Peters v. City of Mauston, 311 F.3d 835, 843 (7th Cir. 2002).

Cote argues she is "substantially limited in the ability to work in a broad range of jobs that requires her to travel outside of her comfort zone. She is specifically limited in her ability to work in the class which includes any management level job that requires her to travel outside of her comfort zone." (Pl. Resp., p. 4) The court sees at least two flaws in this argument. The first is that the Seventh Circuit has specifically rejected a nearly identical argument in Sinkler v. Midwest Property Management Ltd. P'ship, 209 F.3d 678 (7th Cir. 2000). Staceen Sinkler, much like Cote, suffered from a certain phobia that caused her intense anxiety, distress, and panic attacks when she drove in a car to an unfamiliar area outside her "comfort zone." As such, she argued her phobia substantially limited her ability to work because it prevented her from either holding any job or taking sales jobs (Sinkler previously worked for the defendant as a sales manager) requiring frequent travel by car to unfamiliar areas. The court, however, found that, "[a]lthough many sales jobs require business travel to unfamiliar areas, we do not believe that these jobs amount to a broad enough class to constitute a substantial limitation." Id. at 685. By the same token, this court believes Cote's proposed class – "any management level job that requires her to travel outside of her comfort zone" – does not constitute a substantial limitation. The record makes it clear Cote remains perfectly capable of working in a "management level job," as well as any other type of job for that matter, in her safety zone. It is true the record does not reveal exactly how many "management level jobs" are available in the Freeport area, but that leads to the second and, in the court's opinion, more critical problem with Cote's argument.

When an ADA plaintiff claims she is substantially limited in the major life activity of working, she bears the burden of producing "some proof of the 'number and types of jobs' within the 'geographical area to which [she] has reasonable access." Rockwell, 243 F.3d at 1017 (quoting 29 C.F.R. §§ 1630.2(j)(3)(ii)(A)-(C) and citing Sutton v. United Air Lines, Inc., 527 U.S. 471, 492-93 (1999), and Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 524-25 (1999)); see also Peters, 311 F.3d at 843-44. As in Rockwell, Cote has utterly failed to present any, let alone some, evidence "concerning the demographics of the [Freeport area] employment market." Rockwell, 243 F.3d at 1018. Specifically, Cote has introduced absolutely no evidence concerning "the number and types of jobs," and certainly not the number and types of "management level jobs," within the Freeport area she could not perform because they require traveling outside her safety zone. "This is not an onerous requirement, but it does require at least some evidence from which one might infer that [Cote] faced 'significant restrictions' in [her] ability to meet the requirements of other jobs." Id. (internal quotations and citations omitted). Such evidence is completely lacking in the record before the court in this case.

Cote does mention she plans on providing the testimony of a vocational expert to identify "the reduction in job opportunities available to her due to her travel limitations" and suggests it is thus premature to grant summary judgment. But it is too late to say what evidence she may be able to develop in the future. If Cote truly needed more time to depose her expert, she should have moved to stay the briefing on the pending motion for summary judgment. Because she did not, she has no cause to delay any further. Summary judgment is the "put up or shut up moment in a lawsuit when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Schacht v. Wisconsin Dep't of Corrs., 175 F.3d 497, 503-04 (7th Cir. 1997), rev'd on other grounds, 524 U.S. 381 (1998). And on the record as it now exists, Cote has failed to present sufficient evidence from which a reasonable jury could find she is substantially limited in her ability to work.

For the reasons stated above, MTP's motion for summary judgment is granted. This case is dismissed in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Joanne Cote

v.

MTP, Inc.

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 50113

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted. This case is dismissed in its entirety.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 3/21/2003

Susan M. Wessman, Deputy Clerk